

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DARRIN KEITH SIMPSON SR., §
 §
 Petitioner, §
 §
v. § No. 4:10-CV-938-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Darrin Keith Simpson Sr., a state prisoner currently incarcerated in Henderson, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

### I. FACTUAL AND PROCEDURAL HISTORY

The pleadings and state court records presented by the parties reflect that petitioner is serving a 20-month sentence

under a plea agreement for his 2010 state jail conviction for evading arrest in the 29th District Court of Palo Pinto County, Texas. (State Habeas R.)[1] Petitioner did not directly appeal his conviction, but he did file an application for postconviction state habeas relief on November 1, 2010, raising his time-credit claim under (1), enumerated above, which was dismissed by the Texas Court of Criminal Appeals on November 24, 2010, pursuant to § 501.0081 of the Texas Government Code. TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).[2] This federal habeas petition is deemed

---

[1] The record in petitioner's state habeas application no. WR-74,927-01 is not paginated.

[2] Section 501.0081 of the Texas Government Code provides:

    (a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

    (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

        (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

        (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution
(continued...)

2

filed on December 1, 2010.

## II. ISSUES

Petitioner's claims are construed as follows:

(1) He was denied time credit for the time he spent in pretrial detention in county jail.

(2) He was denied a motion for reduction of his sentence.

(3) He was arrested based on racial profiling and without receiving his *Miranda* warnings.

(4) He received ineffective assistance of counsel.

(5) There was no evidence of a chase in a motor vehicle.

(Pet. at 7-8; Pet'r "Motion for Grounds" at 1-8)

## III. RULE 5 STATEMENT

Respondent has filed a motion to dismiss the petition, wherein he maintains that petitioner's claims have not been

---

[2](...continued)
system the inmate first alleges time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

3

properly exhausted in the state courts as required by 28 U.S.C. § 2254(b) and (c). (Resp't Mtn to Dismiss at 3-7)

## IV. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). 28 U.S.C. § 2254(b) and (c) provide in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for

discretionary review or, as in this case, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts. *See Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Further, Texas inmates are generally required to first pursue time-credit complaints through a dispute resolution process within the prison system. *See* TEX. GOV'T CODE ANN. § 501.0081; *Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

As to petitioner's time-credit claim, he has not availed himself of the administrative review process set forth in § 501.0081, and the state court's dismissal on § 501.0081 grounds was not a ruling on the merits of the claim. As to petitioner's remaining claims, he has not raised the claims in an article 11.07 habeas action in state court. Consequently, the state's highest court has not been afforded a fair opportunity to

consider the merits of petitioner's claims, and the claims are unexhausted for purposes of federal habeas review.

To satisfy the exhaustion requirement, petitioner must first pursue his claims, both, through the administrative process, if applicable, and by way of state application for writ of habeas corpus. Only after his state remedies are concluded may he raise his complaints in this court by way of a federal petition pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[3]

For the reasons discussed herein,

The court ORDERS the respondent's motion to dismiss be, and

---

[3] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

is hereby, granted, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice on exhaustion grounds.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March 1, 2011.

JOHN McBRYDE
United States District Judge